# LAW OFFICES OF JAE Y. KIM, LLC

### ATTORNEYS AT LAW

ONE UNIVERSITY PLAZA
SUITE 212
HACKENSACK, NEW JERSEY 07601-6206
(201) 488-8600
FACSIMILE (201) 488-8633
*http://www.jyklaw.com*

Writer's E-mail:
rmarelic@jyklaw.com

JAE Y. KIM♣
---
*Of Counsel:*
RAYMOND MARELIC♣
---
*Counsel:*
SEOUN K. KIM*

15 East 32nd Street
3rd Floor
New York, New York 10016
(212) 684-7407
Facsimile (212) 447-0968

♣Admitted in NJ & NY
* Admitted in NY only

August 10, 2012

The Honorable Joseph A. Dickson
United States Magistrate Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

      Re:  **Pricaspian Development Corporation, et al
         v. Goldman Sachs Group, Inc., et al
         Case No: 2:11-CV-03525-CCC-JAD**

Dear Judge Dickson:

This firm represents Jack J. Grynberg, Pricaspian Development Corporation, RSM Production Corporation, and Gadeco LLC, ("Plaintiffs') concerning the above captioned matter.

Please accept this letter memorandum in support of Plaintiffs' request for an order directing substituted service as to defendant Goldman Sachs International ("GSI") by personal service to Goldman Sachs Group Inc.'s ("GSGI's") New York headquarters Legal Department.

LAW OFFICES OF JAE Y. KIM, LLC

Hon. Joseph A. Dickson, U.S.M.J.
August 10, 2012


### I.   FACTS

Plaintiffs attempted service on GSI by personally serving a copy of the summons and complaint to GSGI's Legal Department at 200 West Street, New York, NY. The Legal Department accepted service for GSGI (see docket #6) but declined to accept service on behalf of GSI because GSI is a company registered in Great Britain.

While Plaintiffs do not know the complete corporate structure of GSI and GSGI, GSI ultimately is a wholly owned subsidiary of GSGI. (See Exhibit A, p. 1 ¶ 2(a.)relevant portion of GSI's Directors' report and Financial Statements, dated December 31, 2011, attached to Cert of Raymond Marelic.) GSGI performs substantial functions for GSI such as sponsoring a stock incentive plan (Id. at p. 2, ¶ 11 and p. 3, ¶ 1(f.)) GSGI performs financial risk management for GSI (Id. at p. 4, ¶ 27), GSGI's consolidated financial statements include GSI. Id. at p. , ¶ 29). Peter Sutherland, chairman of GSI is also an advisory director of GSGI.  (See relevant page of GSGI's annual report attached as Exhibit B to Cert. Raymond Marelic.) Since GSGI performs substantial functions for GSI, GSGI is an agent of GSI and may receive service of process on behalf of GSI. Plaintiffs

LAW OFFICES OF JAE Y. KIM, LLC

Hon. Joseph A. Dickson, U.S.M.J.
August 10, 2012

will incur substantial, unnecessary expense and delay in order
to serve GSI in Great Britain.

**II.   PLAINTIFFS RESPECTFULLY REQUEST THE COURT GRANT
     PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE PURSUANT TO
     THE STANDARDS SET OUT IN Fed.R.4(f)(3)**

Federal Rule of Civil Procedure 4(f)(3) permits service on
an individual or corporation in a foreign country "by . . .
means not prohibited by international agreement as may be
directed by the court." Fed. R. Civ.P. 4(f)(3). It is not
necessary for a party to attempt service pursuant to Rules
4(f)(1) or 4(f)(2) before seeking a court order under Rule
4(f)(3). Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d
1007, 1015 (9th Cir. 2002)("[N]o language in Rules 4(f)(1) or
4(f)(2) indicates their primacy, and certainly Rule 4(f)(3)
includes no qualifiers or limitations which indicate its
availability only after attempting service. . . by other means.")

To satisfy due process, the method of service directed by
the Court must be "reasonably calculated, under all the
circumstances, to apprise interested parties of the pendency of
the action and afford them an opportunity to present their
objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S.
306, 314, 70 S.Ct. 652 (1950). Service upon GSGI will provide
GSI with notice of Plaintiffs' lawsuit since GSI is a subsidiary
of GSGI and GSGI performs substantial functions for GSI. GSGI

Page 3

## LAW OFFICES OF JAE Y. KIM, LLC

Hon. Joseph A. Dickson, U.S.M.J.
August 10, 2012

may be considered an agent of GSI. Gottlieb v. Sandia American

Corp., 452 F.2d 510, 513 (3rd Cir.) cert. denied sub nom.

Wechsler v. Gottlieb, 404 U.S. 938(1971). (Agent typically

performs duties which are "sufficiently necessary" to the

corporation's operations.). GSGB performance of financial risk

management on behalf of GSI and GSGI's inclusion of GSI's

employees in its stock incentive plan are sufficiently necessary

for GSI's operations.  Since an agency relationship exists

between GSGi and GSI, GSGI may properly be served. Milligan v.

Anderson, 522 F.2d 1202, 1205-07(10th Cir. 1975)

Not only have court's authorized substituted service on a

parent corporation but courts have authorized a wide variety of

substitute means of service, including standard and registered

mail, publication, facsimile and email under Rule 4(f)(3). See

SEC v. Tome, 833 F.3d 1086, 1094 (2d Cir. 1987) (service by

publication); Smith v. Islamic Emirate, 2001 WL 1658211 at *2-3

(S.D.N.Y. 2001); Levin v. Ruby Trading Corp., 248 F.Supp 537,

541044 (S.D.N.Y. 1965) (service by ordinary mail); Broadfoot v.

Diaz, 245 B.R. 713, 719-20 (Bankr.N.D.Ga. 2000) (service by e-

mail).

LAW OFFICES OF JAE Y. KIM, LLC

Hon. Joseph A. Dickson, U.S.M.J.
August 10, 2012

**III. Conclusion**

Accordingly, based on all of the foregoing, Plaintiffs respectfully request the court GRANT Plaintiffs' motion for substituted service upon GSGI of Plaintiffs' summons and complaint issued to GSI.

Respectfully submitted,

**Law Offices of Jae Y. Kim, LLC**

By: */s/  Raymond Marelic*
Raymond Marelic