# LAW OFFICES OF JAE Y. KIM, LLC

**ATTORNEYS AT LAW**

ONE UNIVERSITY PLAZA
SUITE 212
HACKENSACK, NEW JERSEY 07601-6206
(201) 488-8600
FACSIMILE (201) 488-8633
http://www.jyklaw.com

Writer's E-mail:
rmarelic@jyklaw.com

JAE Y. KIM♣
―――
Of Counsel:
RAYMOND MARELIC♣
―――
Counsel:
SEOUN K. KIM*

15 East 32nd Street
3rd Floor
New York, New York 10016
(212) 684-7407
Facsimile (212) 447-0968

♣Admitted in NJ & NY
* Admitted in NY only

August 22, 2012

The Honorable Joseph A. Dickson
United States Magistrate Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

    Re:  Pricaspian Development Corporation, et al
          v. Goldman Sachs Group, Inc., et al
          Case No: 2:11-CV-03525-CCC-JAD

Dear Judge Dickson:

    This firm represents Jack J. Grynberg, Pricaspian Development Corporation, RSM Production Corporation, and Gadeco LLC, ("Plaintiffs') concerning the above captioned matter.

    Please accept this letter memorandum in reply to defendant Goldman Sachs Group, Inc.'s (GSGI's) opposition to Plaintiffs' request for an order directing substituted service of Plaintiffs' summons and complaint as to defendant Goldman Sachs International ("GSI") by personal service to GSGI.

    GSGI's opposition downplays the significant, intertwined relationships between GSI and GSGI. Courts permit substituted

**LAW OFFICES OF JAE Y. KIM, LLC**

Hon. Joseph A. Dickson, U.S.M.J.
August 22, 2012

service where there is common ownership of the parent and subsidiary and where there is financial dependency. Carfagno v. Ace, Ltd., Civ. No. 04-6184, 2005 U.S. Dist. LEXIS 12614, 2005 WL 1523530, 6 (D.N.J. June 28, 2005) (quoting Pfundstein v. Omnicom Group Inc., 285 N.J. Super. 245, 666 A.2d 1013, 1016-17 (App.Div.1995)).

Substituted service upon GSGI on behalf of GSI meets the standard for substituted service set by New Jersey courts. As previously argued, GSI is a wholly owned subsidiary of GSGI, (see Exhibit A, docket #11-3, p.2, ¶2b). GSGI performs substantial functions on behalf of GSI such as risk management (see Id. at p.5, ¶27), and GSGI operates a stock incentive plan for the benefit of GSI employees (see Id. at p.3, ¶11). GSGI's consolidated financial statements include GSI (see Id. at p.2, ¶2b.).

GSGI misleads the court by arguing that since GSI is a foreign corporation Fed. R. Civ. P. 4(h)(2) mandates Plaintiffs must utilize the methods of service prescribed by Fed. R. Civ. P 4(f) in a descending order of priority and first use "any internationally agreed upon means of service." (Defendant Brief p. 3) GSGB's argument misconstrues Fed. R. Civ. P. 4(h)(2), which requires Plaintiffs to serve GSI in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery

**LAW OFFICES OF JAE Y. KIM, LLC**

Hon. Joseph A. Dickson, U.S.M.J.
August 22, 2012

under (f)(2)(C)(i)." *Emphasis Added*.  Fed. R. Civ. P.(h)(2) expressly provides Plaintiffs may utilize <u>any</u> method of service prescribed by Rule 4(f), and does not establish an order of priority for methods of service as GSGI urges the court to adopt.

**Conclusion**

Accordingly, based on all of the foregoing, Plaintiffs respectfully request the court GRANT Plaintiffs' motion for substituted service.

        Respectfully submitted,

        **Law Offices of Jae Y. Kim, LLC**

        By: */s/ Raymond Marelic*
          Raymond Marelic