NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JACK GRYNBERG, et al.,

    Plaintiffs,

v.

GOLDMAN SACHS GROUP, INC., et al.,

    Defendants.

Civil Action No. 12-3525 (CCC)

**OPINION**

CECCHI, District Judge.

This matter comes before the Court upon the following motions: (1) the motion of defendant The Goldman Sachs Group, Inc. ("GS Group" or "defendant") to dismiss the complaint for improper venue, pursuant to FED. R. CIV. P. 12(b)(3), or in the alternative, to transfer the case to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1406 or 1404(a), or to dismiss the complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. Entry No. 14); (2) the cross-motion of plaintiffs Jack J. Grynberg ("Grynberg"), Pricaspian Development Corporation ("PDC"), RSM Production Corporation ("RSM"), and GADECO LLC ("Gadeco") (sometimes collectively "plaintiffs") to amend the complaint (Dkt. Entry No. 22); and (3) plaintiffs' motion for substituted service of the summons and complaint by compelling GS Group to accept service on behalf of foreign defendant Goldman Sachs International ("GSI") (Dkt. Entry No. 11). The parties oppose each

other's motions.

This Court has considered all of the papers submitted in support of and in opposition to the motions. Pursuant to Federal Rule of Civil Procedure 78, this matter is decided without oral argument. For the reasons expressed below, the Court concludes that venue is improper in this District. The Court therefore, in its discretion, will transfer, rather than dismiss, this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of New York.[1]

## I.   BACKGROUND

Plaintiffs bring this action against defendants GS Group and GSI, alleging that they engaged in an international conspiracy to block plaintiffs from accessing capital markets, thereby impairing their ability to obtain financing for oil and gas exploration and production projects in the United States and abroad. (Compl. at ¶¶ 12, 20-27). Specifically, plaintiffs allege that several different domestic and international banking financial institutions have rejected them for financing on these projects between 2007 and 2010 as well as in the past year. (Id. at ¶¶ 28-30, 32-35, 37, 39 and 47). According to plaintiffs, GS Group refused to obtain funding for these projects; GS Group would not consider financing the projects; and/or GS Group's upper management blocked the nonparty institutions from providing financing to plaintiffs. (Id. at ¶¶ 22-32, 47). Plaintiffs contend that defendants conspired to run plaintiffs out of business in retaliation for plaintiffs' protected whistle blowing activities and successful False Claims Act

---

[1] As explained below, in light of this Court's decision, it does not reach the merits of GS Group's alternative motions to dismiss for failure to state a claim, pursuant to Rule 12(b)(6); or to transfer venue, pursuant to 28 U.S.C. § 1404(a), based on convenience of the parties. Likewise, the Court does not address the merits of plaintiffs' motions for substituted service or to amend the complaint.

2

litigation against British Petroleum and its related companies. (Id. at ¶¶ 12, 15-16, 18-19, 48). Plaintiffs assert only state law claims for tortious interference with contract, tortious interference with economic opportunity, and civil conspiracy.

## II.   ANALYSIS

### A.   Establishing Venue Under § 1391

The general venue statute, § 1391(a), states that except as otherwise provided by law–

(1)   this section shall govern the venue of all civil actions brought in district courts of the United States; and

(2)   the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a).[2]

Section 1391(b) states that a civil action may be brought in–

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[2] Section 1391 was amended on December 7, 2011, and the changes took effect on January 6, 2012. See 28 U.S.C. § 1391, "Effective and Applicability Provisions" (the 2011 Amendments shall take effect on the "expiration of the 30 day period beginning on Dec. 7, 2011, and shall apply to actions commenced in U.S. District courts on or after such effective date...."); see also Beck v. Ashley Distribution Services, Ltd., Civ. No. 11-219, 2012 WL 604189 1 n.1 (W.D. Pa. Feb. 24, 2012). Because this suit was filed on June 12, 2012, the Court applies the current version of the statute which includes the 2011 Amendments.

1.  *Venue Under § 1391(b)(1)*

First, as to § 1391(b)(1), it cannot be disputed that GS Group "resides" in New York City.[3] GS Group has its principal place of business and is headquartered in New York, New York. (Matthew Tropp Declaration ("Tropp Decl."), at ¶ 4). Additionally, GS Group concedes it is subject to personal jurisdiction there. As such, the Court finds that venue would properly lie in the Southern District of New York. However, under subsection (b)(1), residency is defined by the judicial district where personal jurisdiction exists over a corporate defendant. See 28 U.S.C. § 1391(c)(2). Plaintiffs, here, must demonstrate that there is personal jurisdiction over GS Group in New Jersey. The Court finds that plaintiffs cannot meet their burden.

In support of their contention that venue is proper in New Jersey, plaintiffs merely state, without offering any affidavits or other competent evidence,[4] that GS Group has a "large and significant presence in New Jersey" based on its offices in Jersey City, New Jersey. In opposition, plaintiffs do not even attempt to satisfy their burden of establishing personal jurisdiction. Rather, plaintiffs merely assert that they need discovery to demonstrate personal jurisdiction.[5]

---

[3] GSI, a foreign defendant, can be sued in any judicial district, and "the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." 28 U.S.C. § 1391(c)(3). As such, here, the Court will disregard the residency of GSI in determining whether venue is proper in New Jersey.

[4] "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must prove "by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

[5] However, as this Court is not dismissing the action based on a lack of personal jurisdiction, to the extent plaintiffs request jurisdictional discovery, the Court denies that request.

As it relates to establishing venue under § 1391(b)(1), a federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of personal jurisdiction would be repugnant to the Due Process Clause of the Fourteenth Amendment. IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry may be collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "consistent with due process of law." N.J. Civ. R. 4:4-4. As such, this Court will allow out-of-state service "to the uttermost limits permitted by the United States Constitution." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 2002) (quoting Charles Gendler & Co., Inc. v. Telecom Equipment Corp., 102 N.J. 460, 469 (1986)).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). A court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). To establish general jurisdiction the

---

See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (citing Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)).

plaintiff "must show significantly more than mere minimum contacts" with the forum state. Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to this standard. See FED. R. CIV. P. 12(b)(2).

Here, based on the record and plaintiffs' unsubstantiated allegation that GS Group has a significant presence in New Jersey, the Court finds that plaintiffs have fallen woefully short of satisfying their burden of establishing personal jurisdiction–whether general or specific personal jurisdiction–over GS Group in New Jersey. To be clear, the Court is not finding that personal jurisdiction is lacking over GS Group in this district. Indeed, GS Group acknowledges that it maintains offices in Princeton and in Jersey City, New Jersey. (Tropp Decl., at ¶ 5). However, this admission alone does not establish general jurisdiction. More importantly, it does not satisfy plaintiffs' burden of establishing, at a minimum, a prima facie case of personal jurisdiction. See Metcalfe, 566 F.3d at 330. Therefore, venue is improper in New Jersey under subsection (1).

2. *Venue Under § 1391(b)(2)*

The Court next considers whether the appropriateness of venue in this district can be established under subsection (2), which focuses on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey.[6] "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the

---

[6] Whether GS Group has sufficient contacts with this district, establishing personal jurisdiction over either of them, is not relevant to the Court's analysis of proper venue under this subsection. See Goldlawr, Inc. Heiman, 369 U.S. 463, 466 (1962).

6

dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). See, e.g., Hoffer v. Infospace.com, 102 F. Supp.2d 556, 569 (D.N.J. 2000) (concluding that venue was properly laid in Western District of Washington because in that district the contract negotiations occurred, the employment agreement was executed, and the alleged breach and decision to deny the plaintiff his stock options took place); J.F. Lomma, Inc. v. Stevenson Crane Services, Inc., Civ. No. 10-3496, 2011 U.S. Dist. LEXIS 10998, at *11 (D.N.J. Feb. 3, 2011) (finding that defendant's alleged breach of the contracts, decision not to pay the outstanding balance for the rental use of cranes, and its decision to keep the cranes in its yard in Illinois were substantial events that rendered venue proper in Illinois, not New Jersey). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." Cottman Transmission Systems, Inc., 36 F.3d at 294.

    Here, the nature of the parties' dispute surrounds defendants' alleged part in a conspiracy to block plaintiffs from accessing capital markets, and thus impair their ability to obtain financing for oil and gas exploration and production projects in the United States and abroad. As such, the analysis turns on whether a "substantial part of the events or omissions" giving rise to plaintiffs' tort and conspiracy claims occurred in New Jersey. In arguing that venue is proper in New Jersey, plaintiffs merely argue that without discovery they do not know whether any events giving rise to their claims occurred in New Jersey as compared with New York. This Court disagrees.

    The Complaint lacks any allegations that would even hint at the possibility that a substantial part of the events or omissions occurred in New Jersey. First, there are no allegations that any of plaintiffs' oil and gas projects involved property located in New Jersey. Second, the

Complaint contains no allegations that any of the nonparty financial or banking institutions were either located in New Jersey or representatives of these institutions, while in New Jersey, made any decisions to refuse plaintiffs financing based on defendants' alleged unlawful conduct. Finally, plaintiffs do not allege that defendants, while in New Jersey, participated in any meetings, made any decisions, or otherwise engaged in any activities related to their alleged refusal to secure financing or funding for plaintiffs or block other entities from providing same.

According to GS Group, its credit and lending businesses and practices, which are at the heart of the parties' dispute, are located in New York City. (Tropp Decl., at ¶¶ 5-7). Plaintiffs do not attempt to refute GS Group's assertion. In short, in the Complaint, plaintiffs do not tie any of the events surrounding the alleged conspiracy, let alone substantial ones, to anything having occurred in New Jersey. Rather, based on a review of a factually detailed complaint, a substantial part of the allegedly wrongful conduct and events supporting plaintiffs' claims occurred in Colorado; Wyoming; North Dakota; Cameroon, West Africa; London, England; Houston, Texas; New York; and Mexico City, Mexico. (Compl., at ¶¶ 20, 22-32, 40, 47). Accordingly, the Court finds that venue is improper in New Jersey under §1391(b)(2).

3.   *Venue Under § 1391(b)(3)*

Finally, this Court is satisfied that venue is not established in New Jersey under subsection (3) of § 1391(b). As noted above, this action may have been properly brought in New York, where GS Group resides and at least (based on some allegations in the complaint and submissions) a substantial part of the alleged conduct by GS Group giving rise to plaintiffs' claims occurred. Additionally, defendants note that they will not contest that venue is proper in New York. Therefore, subsection (b)(3) does not support venue in New Jersey. See J.F. Lomma,

8

Inc., 2011 U.S. Dist. LEXIS 10998, at * 14; Potluri v. Yalamanchili, Civ. No. 05-5494, 2006 WL 708908 at *7 (D.N.J. July 28, 2006); Markey v. Fastuca, Civ. No. 05-1450, 2006 WL 469948 at *2 (D.N.J. Feb. 27, 2006).

### B.     Transfer Pursuant to 28 U.S.C. § 1406(a)

Although the Court concludes that venue is not properly laid in this district, the Court finds that the interests of justice are best served by transfer pursuant to §1406(a). Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "'The decision whether a transfer or dismissal is in the interest of justice, however, rests within the sound discretion of the district court.'" J.F. Lomma, Inc., 2011 U.S. Dist. LEXIS 10998, at * 15. (quoting Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)).

The Court finds that this action could have originally been brought in the Southern District of New York. As set forth above, it is undisputed that personal jurisdiction exists over GS Group there, and venue, which GS Group does not dispute, is proper there. The Court may transfer the instant case to another district in lieu of dismissal in the interest of justice, "'however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not.'" J.F. Lomma, Inc., 2011 U.S. Dist. LEXIS 10998, at * 15 (quoting Goldlawr, 369 U.S. at 466). "Transfer is generally more in the interest of justice than dismissal." Id. (quoting CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., 650 F. Supp. 57, 60 (D.V.I. 1986)). Finally, based on GS Group's contention that plaintiffs' claims are time-barred, the interests of justice, here, are heightened by the possibility that

plaintiffs may encounter a limitations bar if forced to re-file in New York.[7] Accordingly, this Court, in its discretion, will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of New York.

Having found that venue does not lay in this district, and thus, having decided to transfer the case to the Southern District of New York, the Court declines to address GS Group's alternative argument that, although venue is proper in New Jersey, the case should be transferred to the Southern District of New York for the convenience of the parties, under 28 U.S.C. § 1404(a), as well as GS Group's alternative request seeking dismissal for failure to state a claim. Similarly, in light of the Court's decision to transfer, the Court declines to address the merits of plaintiffs' cross-motion to amend the complaint and their motion for substituted service.

### III. **CONCLUSION**

For the reasons set forth above, GS Group's motion to dismiss the case for improper venue is denied, (Dkt. No. 14), but its alternative request seeking transfer of this action to the United States District Court for the Southern District of New York, under 28 U.S.C. § 1406(a), (Dkt. No. 14), is granted; and in light of the foregoing, GS Group's alternative request that the action be transferred, pursuant to 28 U.S.C. § 1404(a), based on convenience of the parties, (Dkt. No. 14), is denied as moot. Additionally, in light of the foregoing, GS Group's motion to dismiss for failure to state a claim, (Dkt. No. 14), is denied without prejudice; however, GS Group may re-file the motion to dismiss with the transferee court in the Southern District of New York; and plaintiffs' cross-motion to amend, (Dkt. No. 22), and plaintiffs' motion for substituted service,

---

[7] Although the Court notes there is a possibility that plaintiffs' claims are time-barred, which justifies recommending transfer, rather than dismissal, the Court does not address the merits of GS Group's argument regarding same.

(Dkt. No. 11), are denied without prejudice; however, plaintiffs may re-file these two motions with the transferee court in the Southern District of New York.

An appropriate Order accompanies this Opinion.

Dated: March 22, 2013

**CLAIRE C. CECCHI, U.S.D.J.**
