**LAW OFFICES OF JAE Y. KIM, LLC**

ATTORNEYS AT LAW

ONE UNIVERSITY PLAZA
SUITE 212
HACKENSACK, NEW JERSEY 07601-6206
(201) 488-8600
FACSIMILE (201) 488-8633
http://www.jyklaw.com

Writer's E-mail:
rmarelic@jyklaw.com

JAE Y. KIM♣
---
Of Counsel:
RAYMOND MARELIC♣
---
Counsel:
SEOUN K. KIM*

15 East 32nd Street
3rd Floor
New York, New York 10016
(212) 684-7407
Facsimile (212) 447-0968

♣Admitted in NJ & NY
* Admitted in NY only

March 26, 2013

The Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
50 Walnut Street, Courtroom 2A
Newark, NJ 07101

        **Re:  Pricaspian Development Corporation, et al
            v. Goldman Sachs Group, Inc., et al
            Case No: 2:11-CV-03525-CCC-MCA**

Dear Judge Cecchi:

This firm represents plaintiffs Jack J. Grynberg, Pricaspian Development Corporation, RSM Production Corporation, and Gadeco LLC, ("Plaintiffs") with regard to the above captioned matter. I respectfully request the court accept this letter memorandum in support of Plaintiffs' application for emergency relief pursuant to New Jersey Local Rule 65.1 and Fed. R. App.Pro 8 for a stay of the transfer of this matter to the Southern District of New York pending appeal. Plaintiffs request less than the usual 20 day motion cycle because once the matter is transferred the New Jersey Appellate Court will not have jurisdiction over the matter.

<u>Law Offices of Jae Y. Kim, LLC</u>

Hon. Claire C. Cecchi, U.S.D.J.
March 26, 2013

In brief summary, on March 22, 2013, the court entered an order (docket #27) and opinion (docket #26) denying certain motions and cross-motion of defendant and plaintiffs, without prejudice. The court granted Defendants' motion to transfer this matter from the New Jersey District Court to the Federal District Court at the Southern District of New York.

The standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for preliminary injunctive relief, a party must demonstrate "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Therefore, in assessing the present application for a stay pending appeal, we must consider the same four factors that the District Court considered.

**I. likelihood of success on the merits**

Plaintiffs have a substantial likelihood of success on the merits because the District Court committed clear error by not

Page 2

**LAW OFFICES OF JAE Y. KIM, LLC**

Hon. Claire C. Cecchi, U.S.D.J.
March 26, 2013

considering the entirety of Plaintiffs' submission. In the court's opinion, the District Court stated Plaintiffs did not offer any affidavit or other competent evidence demonstrating GS Group has a large and significant presence in New Jersey.(Opinion p. 4). However, Plaintiffs did submit a certification of counsel (docket # 22-3, par. 3) in which Plaintiffs proffered evidence at Exhibit A, demonstrating, Goldman Sach Group maintains a significant presence in New Jersey. The first page of Exhibit A (Docket # #22-4 page 1 is a form that Goldman Sach employees must return to the Goldman Sach office at 30 Hudson Street, Jersey City, NJ. Pages 2-4 of the Exhibit A demonstrate that 30 Hudson Street is the Goldman Sachs Tower. Plaintiffs' brief in opposition references Plaintiffs' certification, concerning the 30 Hudson Street location. (See docket #22-1 p.7) Clearly, the District Court overlooked Plaintiffs' submission.

II. **Plaintiff will suffer irreparable harm if the injunction is denied**

Plaintiffs will suffer irreparable harm if this matter is transferred to New York because the New Jersey District Court will no longer have jurisdiction and New Jersey law may not apply.

Page 3

**LAW OFFICES OF JAE Y. KIM, LLC**

Hon. Claire C. Cecchi, U.S.D.J.
March 26, 2013

### III. Defendants will not suffer greater harm.

Defendants will not suffer harm if transferring this file is stayed pending appeal because Defendants have not filed an answer and discovery has not commenced.

### IV. The public interest favors such relief

The public interest favors the requested relief because it is important for the public to know the court will conduct a full and complete review before issuing a decision whether venue in New York or New Jersey is appropriate.

Based on all of the foregoing, Plaintiffs respectfully request the court grant a temporary injunction and stay the closing of this case and transfer to the Federal District Court located in the Southern District of New York.

Respectfully submitted,

**Law Offices of Jae Y. Kim, LLC**

By: _____*Raymond Marelic /s/*_____
       Raymond Marelic