# WOLFF ■ SAMSON

DAVID SAMSON
ARTHUR S. GOLDSTEIN*
ARMEN SHAHINIAN*
THOMAS R. O'BRIEN*
GAGE ANDRETTA*
DANIEL A. SCHWARTZ*
KAREN L. GILMAN
KENNETH N. LAPTOOK*
FREDRIC P. LAVINTHAL
DAVID M. HYMAN*
DAVID L. SCHLOSSBERG
ROGER J. BREENE
DAVID N. RAVIN*
BERNARD S. DAVIS
HOWARD J. SCHWARTZ*
PAUL M. COLWELL
ROBERT E. NIES
MORRIS BIENENFELD*
DENNIS M. TOFT
JEFFREY M. GUSSOFF*
LAURENCE M. SMITH
WILLIAM E. GOYDAN*
PETER E. NUSSBAUM
LORI GRIFA*
ADAM K. DERMAN
JEFFREY M. WEINICK*△
A. ROSS PEARLSON*
MICHAEL J. NAUGHTON*
GEORGE A. SPADORO*

JOHN F. CASEY
JAMES D. FERRUCCI
JOHN A. McKINNEY JR.*
DARRYL WEISSMAN*
MICHELLE A. SCHAAP
ADAM P. FRIEDMAN*
MITCHELL S. BERKEY*
CATHERINE P. WELLS
JONATHAN BONDY*
SEAN M. AYLWARD
JOHN G. VALERI JR.
ROBERT H. CRESPI*
JAMES P. RHATICAN*
JUNIE HAHN*
JILL D. ROSENBERG*
JOHN O. LUKANSKI*
ROXANNA E. HAMMETT
RONALD L. ISRAEL*
RHONDA CARNIOL*
ADAM B. CANTOR*
MARGARET WOOD*
DORIT F. KRESSEL*
THOMAS J. TRAUTNER JR.
ROBERT L. HORNBY*
STEPHEN A. KISKER*
TRICIA M. GASPARINE
NICOLE F. DIMARIA
KIRAN V. SOMASHEKARA*

COUNSEL

AARON D. BASSAN
JOSEPH ZAWILA
HOWARD K. UNIMAN
STEVEN S. KATZ*
JUNE S. MELLER*
ANDREW S. KENT*
ERIC J. LEVINE*
STEPHEN G. CORDARO*
WARREN BARROWS*
DONNA M. EREM
JOHN P. MALONEY*
MARC R. LEPELSTAT*
BRUCE D. ETTMAN*
TODD W. TERHUNE
CARLOS G. MANALANSAN*
DANIEL D. BARNES*
DIANA L. BUONGIORNO
CHRISTOPHER R. PALDINO
JOSHUA M. LEE
DAVID M. DUGAN*
ELISA M. PAGANO
RACHEL C. SANTARLAS*△
STEVEN M. DIPASQUO△

OF COUNSEL

CARL B. LEVY

ASSOCIATES

JONATHAN A. TYLER^△
MYRNA BLUME
WILLIAM R. FINIZIO
ANDREW A. NOBLE^△
MARK A. FORAND*
DENISE J. PIPERSBURGH*
DANIEL T. McKILLOP
FARAH N. ANSARI*
XAVIER M. BAILLIARD*
MARIE L. MATHEWS*
MELISSA A. SALIMBENE*
C. NICOLE SULLIVAN*
DARREN GRZYB*
BETH J. ROTENBERG*
BRIAN KANTAR*
JAMES M. VAN SPLINTER*
CHRISTOPHER W. GEROLD*
CHRISTOPHER DEFILIPPIS*
RAJESH V. FOTEDAR^△
ELIZABETH C. YOO*
PATRICIA D. CLEARY*

MAURO G. TUCCI JR.*
ARI S. DAVIS*
MICHAEL R. CARUSO*
WILLIAM J. CANNICI JR.*
LAUREN R. DEMAURO
LINDSAY A. SMITH*
JOSEPH G. FENSKE△
MARISA A. RAUCHWAY*
KEITH E. MORRIS*
MICHAEL G. GORDON*
CELINE L. BARAKAT*
SCOTT C. HOLLANDER*
SCOTT W. LICHTENSTEIN*
KELLY McDONOUGH*
RAFAEL E. ROSARIO, JR.*
MELISSA A. BROWN
RYAN W. FEDERER*
MINDY P. FOX*
BRIAN P. O'NEILL*
OLEG A. MESTECHKIN^△
MELISSA I. FALK WERNICK*
BRIGITTE M. GLADIS
BARRY S. SOBEL

PATENT AGENT

BRYMER H. CHIN
KINZA HECHT

**DANIEL D. BARNES**
One Boland Drive
West Orange, NJ 07052
(973) 530-2097
Fax: (973) 530-2297
dbarnes@WolffSamson.com

* MEMBER NJ AND NY BARS
^ MEMBER NY BAR ONLY
* MEMBER MA BAR ONLY
△ REGISTERED PATENT ATTORNEY
  MEMBER NJ BAR ONLY UNLESS OTHERWISE DENOTED

March 26, 2013

<u>**VIA ECF**</u>

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
50 Walnut Street
Courtroom 2A
Newark, New Jersey 07102

      Re:    ***Grynberg, et al. v. Goldman Sachs Group, Inc., et al***
            <u>Civil Action No. 2:12-cv-03525-CCC-MCA</u>

Dear Judge Cecchi:

    We represent Defendant The Goldman Sachs Group, Inc. ("GS Group") in the above-captioned action. We write in connection with the Plaintiffs' unfounded petition for an order – in aid of a proposed appeal of this Court's recent ruling transferring this matter to the United States District Court for the Southern District of New York – preliminarily enjoining this Court from closing this already-closed case and transferring the file to the New York court. We respectfully request that the Court decline to sign Plaintiffs' proposed Order to Show Cause.

    As a threshold matter, the well-established "general rule is that orders transferring venue are not immediately appealable." *Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 228 (3d Cir. 1990); *see also Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 764 (3d Cir. 1984) ("For many years this court-and virtually every other court-has held that such orders transferring venue are not appealable."). Accordingly, the relief requested by Plaintiffs could not possibly facilitate an appeal.

    Moreover, even were the transfer order appealable, Plaintiffs have articulated no basis to challenge the ruling. Plaintiffs' sole stated basis for their proposed appeal is that this Court

WOLFF & SAMSON PC
One Boland Drive, West Orange, NJ 07052 • (973) 325-1500 • Fax: (973) 325-1501
140 Broadway, 46th Floor, New York, NY 10005 • (212) 973-0572
128 West State Street, Suite 3, Trenton, NJ 08608 • (609) 396-6645

www.wolffsamson.com

3821375.1

WOLFF • SAMSON

March 26, 2013
Page 2

purportedly overlooked Plaintiffs' "proffered evidence . . . demonstrating Goldman Sach Group [sic] maintains a significant presence in New Jersey" by having an office in Jersey City, New Jersey. (Plaintiffs' Letter at 3). In fact, this Court expressly considered the fact that GS Group "maintains offices in Princeton and in Jersey City, New Jersey" and properly concluded that this fact, standing alone, was insufficient to warrant exercising jurisdiction in a case that had no discernible relationship to this District. (March 22, 2013 Opinion at 6) (citing Declaration of Matthew E. Tropp, dated August 17, 2012). It is disingenuous for Plaintiffs to suggest otherwise.

Nor is there any basis for Plaintiffs' claim that they will suffer harm because the "New Jersey District Court will no longer have jurisdiction and New Jersey law may not apply." (Plaintiffs' Letter at 3). New Jersey law is no more likely to apply under New Jersey's choice of law rules than New York's, given this Court's correct finding that "[t]he Complaint lacks any allegations that would even hint at the possibility that a substantial part of the events or omissions occurred in New Jersey." (March 22, 2013 Opinion at 7). Moreover, Plaintiffs have demonstrated no cognizable harm in the application of different choice of law rules. *See, e.g., Jacques v. Hyatt Corp.*, No. C 11–05364 WHA, 2012 WL 3010969, at *5 (N.D. Cal. July 23, 2012) (rejecting argument that litigant could suffer prejudice where substantive law of different jurisdiction might be chosen); *Everhart v. Children's Hosp.*, Civil Action No. 08-cv-00605-EWN-MJW, 2008 WL 2945497, at *8 (D. Colo. July 25, 2008) ("Plaintiffs have shown no prejudice to themselves arising from the substantive law that might control their claims pursuant to Colorado's choice-of-law rules as opposed to that which might control their claims pursuant to New Mexico's choice-of-law rules.").

For these and other reasons (including the inherent delay in enabling the New York court to dispose of their claims), Plaintiffs' request for an Order to Show Cause to facilitate an unavailable and spurious appeal is entirely unwarranted. If anything, the request should invite close scrutiny as to whether it has a good faith basis under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. GS Group is at this Court's disposal in the event the Court wishes formal briefing or argument as to the Order to Show Cause or Plaintiffs' request for a preliminary injunction.

Respectfully submitted,

/s/ Daniel D. Barnes

DANIEL D. BARNES

c: Raymond Marelic (via ECF)

3821375.1