NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
JACK GRYNBERG, et al.,              :
                                    :       Civil Action No. 12-3525 (CCC)
         Plaintiffs,                :
                                    :       **ORDER**
                                    :
v.                                  :
                                    :
GOLDMAN SACHS GROUP, INC., et al.,  :
                                    :
         Defendants.                :
_____    :

This matter comes before the Court by way of Plaintiffs' application for a preliminary

injunction with temporary restraints pursuant to Federal Rule of Civil Procedure 65.  On March

22, 2013, this Court entered an Opinion and Order granting Defendant's motion to transfer the

venue of this matter to the United States District Court for the Southern District of New York.

Plaintiffs now seek inunctive relief staying the transfer of this case pending their appeal of the

March 22, 2013 transfer order.  Defendant has opposed Plaintiffs' application.  The Court has

considered the parties' submissions and, based on the reasons that follow, denies Plaintiffs'

application.

Federal Rule of Civil Procedure 65 permits district courts to grant temporary restraining

orders.  Fed. R. Civ. P. 65(b).  Injunctive relief is an "'extraordinary remedy' and 'should be

granted only in limited circumstances.'"  Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708

(3d Cir. 2004) (quoting Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d

1421, 1427 (3d Cir. 1994)).  A court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  Kos Pharms., 369 F.3d at 708.  A party must produce sufficient evidence of all four factors prior to granting injunctive relief.  Winback, 42 F.3d at 1427.  However, "[a]s a practical matter, if a plaintiff demonstrates both a likelihood of success and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff."  Id. at 1427, n.8.

Turning now to the instant application, the Court finds that Plaintiffs have not shown a likelihood of success on the merits.  Plaintiffs argue that the Court did not consider the certification of counsel provided with their opposition to the transfer motion.  However, this Court did indeed consider counsel's certification, but found it to be insufficient to competently establish that venue is proper in New Jersey.  In fact, this Court specifically took into account the fact that Defendant has offices in Princeton and Jersey City, New Jersey,  yet found that this fact, by itself, was not sufficient to establish proper venue in a case with no clear connection to New Jersey.

Moreover, it is well-established that, the "general rule is that orders transferring venue are not immediately appealable."  Carteret Sav. Bank, F.A. v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990); see also Nascone v. Spudunts, Inc., 735 F.2d 763, 764 (3d Cir. 1984) ("For many years this court - and virtually every other court - has held that such orders transferring venue are not appealable.").  Plaintiffs have not articulated a basis for an exception to the general rule of non-appealability in this case.  As such, Plaintiffs have not shown a likelihood of success on the

2

merits.

Plaintiffs also have not demonstrated the requisite irreparable harm to justify the extraordinary relief of a temporary restraining order.  <u>Kos Pharms.</u>, 369 F.3d at 708.  Plaintiffs allege that they will suffer irreparable harm if this matter is transferred to the Southern District of New York because "the New Jersey District Court will no longer have jurisdiction and New Jersey law may not apply."  (Pl. Letter.at 3.)  However, given that the case has been transferred - rather than dismissed -  Plaintiffs have not shown that their claims will not be adequately addressed in the Southern District[1].  Finally, the granting of a preliminary injunction would cause greater harm to the nonmovant and would not serve the public interest, inasmuch as this matter lacks any discernible tie to this district.

**IT IS** on this 27th day of March, 2013

**ORDERED** that Plaintiffs' request for a preliminary injunction with temporary restraints is **denied**.

**IT IS SO ORDERED.**

**HON. CLAIRE C. CECCHI**
**United States District Judge**

---

[1]Defendant further argues that the applicable choice of law principles will not be affected by the transfer.  While Defendant's arguments may have merit, the Court makes no findings as to choice of law arguments at this time.